Brady, J.
Assuming that under section 1543 of the Code the title of the plaintiff may he tried and determined in an action like this, and that the dictum in Van Schuyver v. Mulford (59 N. Y., 430), is overcome; and assuming also that a partnership interest in real estate may be created by parol, nevertheless it is necessary in an action where the title is predicate of the charge that as to the property described the plaintiff and the other owner were copartners or jointly interested, the proof should be such as to meet all the legal requirements which such a relation necessarily and properly involves.
The plaintiff is a broker and dealer in real estate. The record purchaser Siegmund Spingarn is and was at the commencement of this action, deceased. The property in question was purchased at auction by the plaintiff for the deceased; and the presumption would be, unless overcome by competent testimony, that what he did in that respect he did as a broker, for the testimony clearly shows that the deceased paid the entire consideration for the purchase of the property, and all the expenses attending it, the plaintiff having contributed, if at all, nothing except his services in the purchase.
The evidence by which the plaintiff seeks to establish his interest in the land consists of a number of alleged declarations to the effect that the plaintiff had an interest in the property. But these declarations when analysed by cross-examination, assumed a general and indefinite character, and were in the main unsatisfactory and insufficient to establish the alleged relation of partnership.
The learned justice has found upon the evidence that no agreement of this kind existed between the parties either verbally or in writing; that is to say that the plaintiff has failed to prove any agreement whatsoever entered into between him and the deceased either in writing or otherwise in reference to the purchase or ownership of the real estate described in the complaint.
In actions brought after the decease of a partner, and particularly where the cause of action has been of some time standing, courts cannot be too careful in enforcing the strict rule of requiring clear and convincing proof of such a relation as the plaintiff asserts to have existed between him and the deceased.
A careful examination of this case and much reflection upon its various features in respect to the asserted interest of the plaintiff has led to the conclusion that the judgment pronounced by the court below was correct.
There is no pretence that the plaintiff paid any part of the purchase money or ever offered to pay it, or any part of the expenses attending the purchase or in any way incident to it, or indeed as already suggested, of anything, but *848 mere declarations of an interest which does not rest upon any consideration, and which it may be were of a friendly character founded upon good will.
The judgment should be affirmed.
Babtlett and Patteeson, JJ., concur.